Green, J.
delivered the opinion of the court.
The lien a plaintiff acquires by the levy of his execution, may be lost, if he be guilty of gross laches in not having the property sold in reasonable time, or if he release the property and give time to the defendant; and it may be that when the execution is enjoined and security taken for the debt, the property levied on would be released. In the two first mentioned cases, it would be unreasonable to say that a party should still retain his lien, and thus exclude all other execution creditors from having an opportunity of making their demands. In the last case, it has been said, that because the property is released and returned to the debtor, and the creditor has security for his debt in the injunction bond, that, therefore,- the property which had been levied on becomes the debtor’s again, and liable to other execution creditors. There is much reason for this conclusion, because, by our practice, the injunction bond is taken in lieu of the deposite of the money with the master, as is the practice in England; and it is made the duty of the clerk upon the dissolution of an injunction, to enter up judgment on the .bond against the principal debtor and his securities. Were it not for the security the law has thus provided for the creditor, whose execution may be enjoined, it would be extremely unreasonable that he should lose his lien on account of an injunction, when he was guilty of no fault or negligence himself. Were the law so, a debtor might at any time give precedence to a younger execution of a favorite creditor, by enjoining a sale under the elder one. In the case before the court, although an injunction was ordered, no security was given, or required by the fiat of the judge. He directed, that the *485 sheriff retain possession of the negroes, subject to the further order of the court. As, therefore, the removal of the lien by injunction, in ordinary cases, is founded on the security for the debt, contained in the injunction bond, and as in this case no bond was taken, or required, the principle can have no application here.
We will next consider whether Sims, the trustee, was guilty of such negligence as to cause a forfeiture of his lien. It is said, the injunction was dissolved, and he might and ought to have proceeded with his execution. It is true, the injunction was dissolved; but it was upon condition, that Sims would give bond and security to refund, in case the complainants should obtain a decree. Sims, the execution creditor, was a public officer, the trustee of White county. The money, when collected, belonged to the treasury of White county, and not to him individually. Was it reasonable to suppose that he would give the security required, and thus become individually bound to refund $1500, in order to get the privilege of collecting that sum by the sale of disputed property, the collection of which did not interest him more than any other citizen of White county? Surely not. He cannot be chargeable therefore with negligence; for he could not proceed but by incurring a responsibility -which no man in his senses would have incurred. We do not think, therefore, that Sims has been guilty of any fault or negligence; for the bill was not dismissed until June term of the chancery court, 1825; and we find him in July, hastening the sale of the property by a venditioni ex-ponas. The sheriff, Jett, cannot be chargeable with negligence, for the same reasons that excuse Sims. The right to the property was disputed. A bill was filed by the adverse claimants, and he was made a party. If he had sold, after the dissolution of the injunction, it would have been at his peril. He had the ne-groes in his possession, and was liable to the true own *486 ers. It was better for all parties, that the sale should be suspended. Indeed, it was the only prudent course to pursue. There is no ground, therefore, to say, that Sims’ lien was in any wise lost. His execution having taken the property, the return of the sheriff in the plaintiff’s executions was warranted by the truth. The case relied on, in 4 East, 522, was a case of gross negligence, to proceed with the sequestration for eighteen months, there being no impediment in the way, nor excuse wherefore the delay had taken place. That is not this case. Here there was no negligence, no delay, other than that which was warranted under the circumstances by law.
Upon the question made in relation to the evidence, it is unnecessary to give an opinion. The point heretofore discussed, settles the rights of the parties; and although slight irregularities in the admission of testimony may have occurred, yet,- as the court see that a new trial could do the plaintiff in error no good, we affirm the judgment.
Judgment affirmed.